UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM WORCESTER,**

    **Plaintiff,**

                                      Civil Action 2:11-cv-548
   v.                              **Judge Algenon L. Marbley**
                                      **Magistrate Judge E.A. Preston Deavers**

**AMY LAMBES,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Jim Spain and Muskingum Valley Presbytery's Motion to Stay Discovery Pending Resolution of Subject Matter Jurisdiction. (ECF No. 26.) For the reasons that follow, Defendants' Motion to Stay is **DENIED**.

**I.**

On June 21, 2011, Plaintiff, William Worcester, filed this action against Defendants Amy E. Lambes, Just-A-Click, Inc., Jim Spain, and the Muskingum Valley Presbytery ("MVP"). According to Plaintiff, Defendants Lambes and Just-A-Click, Inc. unlawfully accessed and/or intercepted his personal emails. Plaintiff alleges that Defendant Lambes then disclosed those emails to Defendant Spain, an agent of Plaintiff's employer, Defendant MVP. Plaintiff further alleges that Defendant Spain directed Lambes to retrieve hard copies of the emails so that he could further disclose the emails to other MVP agents. Finally, Plaintiff alleges that as a result of Defendants' unlawful conduct, he suffered emotional distress and MVP terminated his employment as a pastor. In his Amended Complaint, Plaintiff asserts causes of action arising

under provisions of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, and the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, as well various state-law claims.

During the Court's November 30, 2011 Preliminary Pretrial Conference, Defendants Spain and MVP indicated that they would be filing a motion to dismiss based upon the ecclesiastical abstention doctrine, also know as the church autonomy doctrine or ministerial exception. On December 13, 2011, Defendants Spain and MVP filed the subject Motion to Stay. (ECF No. 26.) Defendants Spain and MVP assert that a stay of discovery is appropriate because their forthcoming motion to dismiss will be dispositive of whether or not this Court has subject matter jurisdiction over Plaintiff's claims against them. Plaintiff opposes the Motion to Stay, asserting that the presence of a dispositive motion is generally insufficient to justify staying discovery.

## II.

The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). To determine whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id.* at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). The United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial

discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).  This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

In exercising its discretion in this area, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245 at *2 (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) ("unless the motion raises an issue such as immunity from suit . . . or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.")  The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461.  Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.  In fact, such a notion is directly at odds with the need for expeditious resolution of litigation. . . .  Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions.  Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss.  This would circumvent the procedures for resolution of such a motion.  Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or

3

>   for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397 at \*2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)).

### III.

The Court concludes that Defendants Spain and MVP have failed to demonstrate that a stay of discovery is justified.  First, as detailed above, the Court generally requires more than the mere presence or plan to file a case-dispositive motion to stay discovery.  Second, even if the Court were to grant Defendant Spain and MVP's forthcoming motion to dismiss, it would not dispose of the entire case; Defendants Lambes and Just-A-Click, Inc. will remain.

Finally, the Court cannot conclude that it is highly likely that the forthcoming motion to dismiss will be granted.[1]  *See Ohio Bell Telelphone*, 2008 WL 641252 at \*2 (refusing to stay discovery during the pendency of a motion to dismiss for lack of subject matter jurisdiction where the jurisdictional issue raised was "fairly debatable," but noting that the court "might be persuaded to grant a stay of discovery if the issues were "clear-cut" such that "the likelihood of a jurisdictional dismissal were high").  Certainly, where it is clear that the Court lacks the authority to hear a case, requiring a party to participate in discovery is problematic.  Here, however, the viability of the forthcoming motion is at least debatable.  The expressed basis for Defendants Spain and MVP's forthcoming motion to dismiss is the ecclesiastical abstention doctrine, also known as the ministerial exception.  "The ministerial exception is rooted in the First Amendment's guarantees of religious freedom." *EEOC v. Hosanna-Tabor Evangelical*

---

[1]To be clear, the Court is not opining on the merits of Defendant Spain and MVP's forthcoming motion to dismiss for lack of subject matter jurisdiction.

*Lutheran Church & Sch.*, 597 F.3d 769, 776 (6th Cir. 2010) (citation omitted). The Sixth Circuit has explained that as applied, "the doctrine precludes subject matter jurisdiction over claims involving the employment relationship between a religious institution and its ministerial employees, based on the institution's constitutional right to be free from judicial interference in the selection of those employees." *Id*. (citations and internal quotation marks omitted). In this case, without deciding whether the doctrine applies, the Court finds that Plaintiff has advanced colorable arguments that the claims he asserts against Defendants fall outside the purview of the ministerial exception. Plaintiff emphasizes that the claims he asserts against Defendants do not implicate matters of faith, doctrine, church governance, or polity because they are premised upon "purely secular" allegations concerning Defendants' purported interception and disclosure of his emails. (*See* Pl.'s Mem. in Opp. 6, ECF No. 30.) In doing so, he acknowledges that MVP's decision to terminate him may be a matter of internal church autonomy, but points out that he does not allege a claim for wrongful discharge or otherwise challenge MVP's authority to fire him.

**IV.**

For all of the foregoing reasons, the Court concludes that Defendants Spain and MVP, like most defendants, should not be excused from discovery simply because they intend to raise an issue that may ultimately lead to their dismissal from this action. Consequently, their Motion to Stay is **DENIED**. (ECF No. 26.)

**IT IS SO ORDERED.**

Date: January 4, 2012                    /s/ *Elizabeth A. Preston Deavers*
                                         Elizabeth A. Preston Deavers
                                         United States Magistrate Judge